The Court is resuming its docket of Wednesday, January 25th. The next case is 514-0238, Keith versus Richard Lloyd. What's your name? I'm sorry? Are you off on this? Oh, Lloyd, I'm sorry. I thought I heard a different name. I apologize, Your Honor. Do you represent Richard Lloyd? I do represent Richard. I heard Lloyd. I'm sorry. I thought you were saying a different case. All right. Well, it's good to see you again. May it please the Court and the Counsel, my name is Richard Wynette and I am representing Richard Lloyd, the petitioner appellant in this case. In this appeal, we are asking this Court to join its colleagues in the Fourth District in support of a pretty straightforward proposition. When an attorney is representing a post-conviction petitioner at the second stage, after duly examining the record, discussing the case with the petitioner, and evaluating his client's claims, there are really only two possibilities. Either the petitioner has a constitutional claim that can be supported by facts, or the petitioner does not have a constitutional claim that can be supported by facts. If the petitioner does have a constitutional claim that can be supported by facts, then the attorney, in filing an amended petition, has a duty to produce the affidavits or other materials that support those facts, or at least provide a plausible explanation as to why he or she cannot do so at that time. If the petitioner does not have a constitutional claim that can be supported by facts, then that attorney must either withdraw or stand on the pleadings as originally filed by the petitioner. But what the attorney clearly may not do is tell the Court that he does have constitutional claims that can be supported by facts, amend the petition to assert these claims, and then fail to provide the affidavits or other materials that support those facts, or provide a plausible explanation for their absence. Even worse, that attorney cannot do what the attorney did in this case. Tell the Court that he does have constitutional claims that can be supported by facts, amend the petition to assert new claims, and then append the same affidavits that were attached to the original petition, which not only fail to support the new claims, but actually contradicts one of them, and thereby putting the petitioner in an even worse position than he was before he had an attorney. This cannot possibly be considered compliance with Rule 651 or reasonable assistance of counsel. But as a result, this case does present this Court with an opportunity. If this Court will simply join its colleagues in the Fourth District and adopt the rule, set forth in People v. Pace, which I've essentially just outlined, which we might justifiably call the put-up-or-shut-up rule, this in the long run will benefit not only defendants, but the State, the circuit courts, and the appellate court as well, because none of us wants to waste our time on post-conviction petitions that do not have some plausible basis in fact. If you've got it, show it. Put your cards on the table. If you don't, tell the Court, I tried, here's my Rule 651 certificate, I looked at the record, I discussed it with the petitioner, and I don't have any amendments to make. I've got nothing. But what you cannot do is tell the Court, if you'll pardon the poker analogy, hey, I've got a well flush, and then you put down cards that show absolutely nothing. Because my client's post-conviction counsel did not put-up-or-shut-up, but instead clearly violated Rule 651C, this case has to go back on remand so that my client can be assigned an attorney who will comply with the rule. On this record, this Court cannot tell Mr. Roy, you've got nothing, because his attorney did not comply with the rule. And in that regard, we basically are saying we're not there yet, because as our Supreme Court ruled in People v. Suarez, and I'm quoting, remand is required where post-conviction counsel failed to fulfill the duties of consultation, examining the record, and amendment of the pro se petition, regardless of whether the claims raised in the petition had merit. I thought this petition had been amended twice. Well, I don't really know. It was amended once by Attorney Leifer, that's the post-conviction counsel. And he just amended it a second time, and it's not really clear from the record. The second amended petition for post-conviction relief asserted three constitutional claims, one of which was actual innocence, ineffective assistance of trial and plea counsel, adequate pretrial investigation, interview of six potential witnesses, and then another, ineffective assistance, failed to present self-defense as requested by the defendant. So I don't understand. He eloquently explained the Pace case. Now tell me how that applies to this case. Because what Leifer did, post-conviction counsel did, is he came up with new claims. He did amend the petition twice. He came up with new claims that were at a variance with the claims in the pro se petition, but all he did in support of them was submit the affidavits attached to the first petition, which didn't support. What was he supposed to do? I'm sorry? What was he supposed to do? He did affidavits. He amended the petition. And you're saying that I thought the defendant's pro se petition alleged for the first time actual innocence. It did. And so when the amendment was made, actual innocence was also put forward. Right. So why is that inconsistent with the defendant's pro se petition? The inconsistency is not in that. The inconsistency that I'm referring to is that in the pro se petition, Mr. Boyd asserted that trial counsel had failed to properly advise him and didn't tell him about the law on self-defense. Well, that was in the second amended post-conviction as well. Actually, Your Honor, it was different. What he said in the amended petition, the so-called approved version, is that trial counsel failed to present a defense of self-defense as requested by the defendant. That's true. Now, if you don't know what self-defense is, you can't very well request it of your attorney. It's contradictory. And he simply attached the original affidavit of the defendant with respect to this, which simply stated that, well, at the time, he believed he had done something wrong, and therefore he didn't challenge things because he didn't know about this defense of self-defense. It's contradictory. You can't assert something if you don't know it exists. But this particular defendant claimed that Perkins pulls out a shank, stabs the other guy. I mean, this is not somebody who's new to the criminal justice system, and don't you think the court had the right to determine the credibility of whether or not this gentleman understood self-defense or not? Well, we never got to that. I would assume that that would require an evidentiator. No, not if they dismiss at the second stage, if that was the basis for dismissal at the second stage. In other words, there was no need to go to a third-stage hearing because what was presented wasn't sufficient enough to move on. Correct. But what you can't do as counsel is assert something that's not supported. That's very clear from the Guzman case, the Turner case, cited in the briefs. You can't do that. And here, like, as I said, following case, if you've got something new, which post-conviction counsel asserted, I've got something new, I've got a different theory now, different theory that was in the pro se petition. You've got to support it. And you can't simply resubmit something. Which was the different theory that was in the pro se versus the second amendment? Well, one was the one I just described, which was that trial counsel failed to assert a defense of self-defense. Which, by the way, in the so-called true version, we might point out that this indicated that counsel wasn't even following the fact that the defendant pled guilty. One does not normally present a defense at a guilty plea. Right there is kind of a, that should send an alarm bell right there about whether or not post-conviction counsel was even careful in reading the record. But that was one of the inconsistencies. Then he brought up a new claim about, well, he failed to conduct an adequate pretrial investigation, which has to do with these various witnesses who later did come forward with statements. And the other thing was that he kind of dressed up the actual innocence claim, if I may finish the answer, to say that the defendant now had newly discovered material and non-cumulative evidence of such conclusive character that it would probably change result in retrial. Basically following the language needed to prove actual innocence, but with absolutely nothing to support it in the way of affidavit. So he made a more grandiose claim, completely unsupported with any new affidavits or material. Thank you. Thank you very much. You'll have a few minutes. Mr. Daly, what say you? Welcome back to the New York City Court and Counsel. For the record, this is Patrick Daly for the state. The general proposition in counsel states that basically if you are appointed to represent someone in the post-conviction, your single foremost obligation is to present the claims that the defendant him or herself raises. You're not obligated to ferret out or look for new claims. If you do raise a new claim, then you are at that point obligated to present that new claim proper. And I think that that's certainly a logical and proper proposition. However, things are never quite that easy, and this is a case where there's so many different facts that complicate matters, it's hard to know where to begin. So perhaps best to start from the beginning. And before I do that, let me just state. Are you going to move back to appeals for the beginning? Well, I'll give you a really fast, because I don't think a fast can be that long. Okay, you only have ten minutes. Okay, I know. Trustee, I know. Just to basically synthesize what the state's position is, clearly what counsel has done here is raised two constitutional claims that were not included in the pro se post-conviction petition. The pro se post-conviction petition was strictly framed in by its terms and by its presentation of the supporting evidence as a claim of actual innocence. There's another argument we can make about whether it's a perfect self-defense claim or it can be a claim of actual innocence, but that's not really the point. What we have here is the argument is that does that law that relates to counsel's obligations, when they present new claims, apply the instance where those new claims are on their face, legally impossible? And it's important when I state this, Your Honors, because cases like this state that the merit or non-merit in the context of the reasonableness of assistance in post-conviction is not a consideration. And I state that because the position of the state is not as a matter of merit. It's a matter of law. Now, in the beginning, obviously, this defendant pled guilty. It was alleged that he was seen by his cellmate next door scabbing someone. It then went up on appeal, came back, he had a post-sentencing hearing, where he then put down testimony, sworn testimony, of a compulsion defense. So that a guy named Stone King, who was the alleged witness to the murder and the guilty plea, had forced him to kill this Clinton guy. That was presented, even though it was not a legal defense, to try to mitigate the sentence. Then, after his court affirmed after the denial of the post-sentencing motion hearing, 12 years later, the defendant filed a post-conviction petition, claiming now actual innocence based upon an entirely new set of circumstances, being self-defense. And yet, he shamed Clinton and the Clinton family for making all the effort. So when this thing passed to the second stage, and I think it's a pretty textbook example of evidence in the record, contrary to the defendant's argument, but we're at the second stage. Counsel has presented this. Counsel's got a pretty tough task ahead of him. So I think the counsel was trying to, present a full spectrum of arguments to try to figure out a way to present this claim before the court, knowing the inherent problems as a result of the defendant's own testimony. You're saying it was difficult for post-conviction counsel because of the evidence in the record? Correct. I think I sort of rounded out the brief by saying he's a liar then or he's a liar now. Right. So if that's a problem, an ethical problem, a topical legal problem. But in any event, when this claim was presented, it was a claim of essentially that counsel failed to investigate and failed to present this self-defense claim. But that is not an argument that can be made in conjunction with a claim of actual innocence. Number one, it's illogical, because how you present a claim of failure to investigate for facts that you're simultaneously alleging could not have been discovered through the exercise of due diligence, which is the standard for a claim of actual innocence. And number two, the Supreme Court has held that you can't use facts supporting the claim of actual innocence as a factual buttress for a separate constitutional claim, which in this case would be the claim of ineffective assistance of counsel. So it really kind of comes down to this. Our position is that whatever arguments that the defendant makes, the defendant in his brief and well-recorded argument eloquently states those problems. In the end, it's ultimately a win-win. Why? Because it doesn't matter. Nothing that would have done to support these claims of ineffective assistance of counsel are going to withstand a defendant's pro se claim that wasn't based at the next stage in the Second Amendment decision of a claim of ineffective assistance of counsel. Typically, when we see cases of unreasonable assistance and failure to properly preserve, present, assert defenses to timeliness, et cetera, the lack of reasonableness stems from the inadequacy of a claim being properly presented before the court. And the presupposition, at least, is that there is a basis in which to go forward. Nothing counsel could have done here, if he had immaculately presented the claims of ineffective assistance of counsel, it would have not solved the fundamental overriding problem that they can't work with a claim of unreasonable assistance. So that takes us back to the beginning. What is counsel's allegations under Rule 651c? To present the defendant's claims. Defendant counsel did present the defendant's claims. All the rest is meaningless and useless surplus, which we can talk until we're blue in the face whether we did it right or not. It doesn't matter. It doesn't matter. And so, in the end, the defendant really lost nothing in the process. Now, what the defendant does, also making an argument, and I want to make a point on this, that counsel did not, when we get to the point of the action on this list, draw out the self-defense claim. And, again, I'm going to ignore, just for the sake of argument, everything that's transpired in this case, including his sworn testimony, which absolutely is not a self-defense claim. The affidavits, as they were, when this court reads them, and they're in the appendix of my brief, and you'll see them in the record, are predominantly, yeah, it was well-known in prison that this Clint Cameron guy or this North Siders gang or what have you had this beef with the defendant. It was well-known, and he's going to, you know, want someone to lie to kill him. You know, and really, when you look at these, they're essentially, the affidavits are almost self-contained forms of non-evidence. I mean, they really are, because almost a lot of it's based upon hearsay or prison grapevine information that, even assuming you can find these guys who were probably scared to the wind at this point, and we can't assume that, but even if you could, you know, the affidavits themselves make it pretty clear what the source and depth of their knowledge is about what's going on here. So, in sum, trial counsel satisfied his Rule 651C obligations. Whether or not he thinks he did a good job with the things of ineffective assistance in counsel, he did present the defendant's claims. They're not time-guard. The court rejected them on merits. And there wasn't anything the counsel could have done to alter the facts which counsel was given, which was a pretty short stack of copies, given the fact that his client was going to be ultimately, in an evidentiary hearing, accused of being a liar. And he'd almost have to concede, if he's going to advance his claim of actual innocence, that he perjured himself back in 1998 or 1999 when he had this original post-70s ability. You know, I'm a little concerned when you say that the obligation under 651C is to present the claims, but in this case, this is the concerning language, it doesn't matter. It does matter. Maybe I'm speaking perhaps inappropriately. Everything matters, but it doesn't have, it should not have an effect on this court in its ultimate conclusion about whether counsel complied with Rule 651C. But if he didn't comply, if he didn't comply, just as a matter of fact, if he didn't comply, you've gone into a factual analysis on the actual innocence and saying why he couldn't comply, why it was impossible for him to comply. And my question to you is, isn't that what would happen in a third-stage hearing? No, because I think that the facts that I'm presenting to you, Your Honor, are facts in the petition. And obviously, as this Court's aware, at the first and second stage, the Court takes facts in the petition as true. So what I'm saying is it's not a factual analysis beyond what is extant in the motion itself, which is a factual allegation of not pursuing witnesses who would have supported a claim of self-defense. Taking that as true, it's an impossible, irreconcilable legal argument in the face of defendant's claim of actual innocence. So I'm not asking the lower court, if I can continue this next slide, I'm not asking this Court to engage in any kind of fact-finding from an evidentiary standpoint. I'm asking this Court to consider the facts, which are given as true as a matter of pleading practice for purposes of deciding whether there was no violation of the license of humans. Thank you, Your Honor. Thank you, Mr. Daley. Mr. Whitney, do you have anything else? Yes, thank you, Your Honor. In response to the State's argument that post-conviction counsel was put in a legally impossible position, I strongly disagree with that. There were things he could have done. What he could have done, as Pace prescribes, is if he really had nothing, is stand aside and let the original pleading stand or withdraw. Or if he really did have something to back up all the grandiose claims he made, he had an obligation to produce them. Let me give two examples to explain why this is not legally impossible. One of the things in the second amended post-conviction petition was he said that the same witnesses who signed the original affidavits would testify that the defendant acted in self-defense. Now, that might be on who was stated in the original affidavits. The original affidavits were just that, well, Clint Cameron ordered a hit on him. This went well beyond that. If this was his information, he had an obligation to provide it or at least explain to the court why he couldn't get these new affidavits that would say that. Another example, the ineffective assistance, there were two ineffective assistance counsel claims. One was the one about self-defense, basically saying, I wanted my trial attorney to put up a defense of self-defense, but he refused to do it. Well, obviously, if that's what you're asserting, then Mr. Lloyd himself could have signed an affidavit to that effect. This is what makes this case a lot like Guzman. The one who would know about what he said to his own attorney would be the defendant. So if you're going to assert something like that, why on earth would you not possibly have an affidavit from your client saying, yes, I had this discussion with my trial attorney, Mr. Lance. I talked about self-defense. He just refused to put up this defense. So, no, this is not legally impossible, and this court is not in a position on this record at this stage to draw any kind of conclusion that it was legally impossible. If all the things that Post-Conviction Counsel asserted in the Second Amendment petition were true, then he should have been able to factually support at least some of them, and he failed entirely to do that. If they were not true, he should have done what the Fourth District said to do in case, and that is you don't do anything. You don't make up new claims. You don't, you know, basically assert new things and not back them up. You don't dress up the claims. You stand on the original pleadings, and you let the court sort it out and base its decision on that. For these reasons, Your Honor is correct. When there is a clear violation of 651c, we cannot consider this reasonable assistance of counsel. It has to go back to remand. Am I going to bet that they'll find a lot of these new affidavits and materials for it? No, but that's not the question before the court right now. It was clearly a violation under the Suarez case. It clearly has to go back. Thank you, Your Honor. Thank you. Okay, this matter will be taken under advisement, and the decision will be issued in due course.